IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rollin Michael Barber, Paula Lappe-Barber, ) <br> Rachel Lappe-Biler, Pauline Gladys ) <br> Bryner-Lappe and Faithful But Forgotten ) <br> Friends Animal Rescue and Placement ) <br> Services, Inc. ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> The Commonwealth of Pennsylvania Dept. ) <br> Agriculture, Bureau of Dog Law ) <br> Enforcement, Bradley D. Shields, Bruce ) <br> Minick, Rebecca McDonald, Pennsylvania ) <br> Society for the Prevention of Cruelty ) <br> to Animals, Drew Delenick, Rickee Miller, ) <br> Howard Nelson, Jesse L. Smith and ) <br> John Does. ) <br> ) <br>     Defendants. ) | Civil Action No. 9-1462 |

AMBROSE, District Judge

# OPINION
# and
# ORDER OF COURT

As set forth in my previous Opinion and Order (Docket No. [28]), Plaintiffs Rollin Michael Barber, Paula Lappe-Barber, Rachel Lappe-Biler and Pauline Gladys Bryner-Lappe are owners and operators of a non-profit animal rescue and kennel - Faithful But Forgotten Friends Animal Placement Services, Inc. ("the Kennel" - also a named Plaintiff in this action). The Plaintiffs are engaged in the rescue of dogs and other animals in and throughout Fayette County, Pennsylvania. Rollin

1

Michael Barber and Rachel Lappe-Biler are co-named as the rightful holders of the kennel license issued with respect to this property. According to the Complaint, the license authorized the Plaintiffs to house in excess of 500 dogs.

The current dispute stems from a series of kennel inspections and the execution of search warrants which occurred during the 2007 calendar year. A number of the Plaintiffs' dogs were seized and criminal charges were filed against the Plaintiffs. The Plaintiffs in turn initiated this action against the Commonwealth of Pennsylvania Department of Agriculture, Bureau of Dog Law Enforcement and a number of its employees.[1] Defendants the Pennsylvania Society for Prevention of Cruelty to Animals ("PSPCA"), Howard Nelson (Director of the PSPCA) and Rebecca McDonald (a PSPCA Humane Society police officer) have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket No. [25].

The Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

Standard of Review

A. Rule 12(b)(1)[2]

"A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or

---

[1] The Commonwealth Defendants filed a Motion to Dismiss which has been addressed in a separate Opinion. For the sake of brevity, the factual details of the Complaint are set forth only in that Opinion, but are incorporated herein by reference.

[2] Though the PSPCA does not reference Rule 12(b)(1), they do contest their liability under the Eleventh Amendment. Such a challenge contests the court's subject matter jurisdiction under Rule 12(b)(1).

factual challenge to the court's subject matter jurisdiction." Goodson v. Maggi, Civ. No. 8-44, 2009 WL 2960386 at * 4 (W.D. Pa. Sept. 14, 2009), *citing*, Patsakis v. Greek Orthodox Archdiocese of America, 339 F. Supp.2d 689, 692 (W.D. Pa. 2004) and Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, "the court must consider the allegations of the complaint as true, in the light most favorable to the plaintiff, similar to a motion to dismiss." Goodson, 2009 WL 2960386 at * 4, *citing*, Mortensen, 549 F.2d at 891 and In re Kaiser Group Int'l., Inc., 399 F.3d 558, 561 (3d Cir. 2005).

B. Rule 12(b)(6)

When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). (internal citations, footnotes and quotation marks omitted). See also, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citations and internal quotation marks omitted).

In Iqbal, the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Id. at 1949-1950. See also, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d. Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Id., citing, F.R.Civ.P. 8(a)(2).

## Analysis

I. Eleventh Amendment

The PSPCA Defendants seek the dismissal of the claims asserted under 42 U.S.C. § 1983 and set forth in Counts I, II, III, IV and VIII based upon the contention that they are immune from liability under the Eleventh Amendment. The Motion is denied.

The Eleventh Amendment bars suits against a state in federal court where the state has not consented to such action. See Seminole Tribe of Florida v.

Florida, 517 U.S. 44, 58 (1996) and Lakaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). This immunity applies not only to the Commonwealth of Pennsylvania but to entities which are "arms of the state" as well. See Kentucky v. Graham, 473 U.S. 159 (1985). The Defendants have not identified a single case standing for the proposition that the PSPCA is considered an "arm of the state." To the contrary, in Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania, 985 A.2d 909 (Pa. 2009) the Pennsylvania Supreme Court concluded that the PSPCA is *not* entitled to the defense of sovereign immunity.[3] Because the PSPCA is not entitled to 11th Amendment immunity, the Defendants' Motion to Dismiss the § 1983 claims is denied. For the same reasons, the Defendants' Motion to Dismiss the claims set forth in Counts V and VII for assault and battery and intentional infliction of emotional distress is denied.

II. Counts I and II - 42 U.S.C. § 1985 and § 1986

The PSPCA Defendants seek to dismiss Plaintiffs' §1985 and §1986 claims as well. In response to a similar attack by the Commonwealth Defendants, the Plaintiffs conceded that they did not have a viable § 1985(3) claim. See Docket No. [20], p. 11. Accordingly, I dismissed that claim and the derivative § 1986 claim. In response to the current challenge, however, the Plaintiffs urge that they have a viable claim under § 1985(3) because "Plaintiffs Rachel Lappe-Biler and Paula Lappe-Barber are females and would fit under gender based discrimination in

---

[3] I remind the Defendants and its attorneys of the dictates of Federal Rule of Civil Procedure 11 and representations made that contentions advanced are warranted by existing law.

5

this matter." See Docket No. [27], p. 5.

I agree with the Plaintiffs that in Kerstetter v. Pennsylvania Department of Corrections SCI-Coal Twp., Civ. No. 8-1984, 2010 WL 936457 at * 13 (M.D. Pa. March 12, 2010) the district court appeared to recognize that gender may form a "protected class" for § 1985(3) purposes. See Kerstetter, 2010 WL 936457 at * 13 (agreeing that plaintiff is part of a protected class), *citing*, Hartshorn v. Throop Borough, 2009 WL 961434 (M.D. Pa. April 2, 2009) (noting that plaintiff was "a member of the female gender, a class of person clearly constituting a protected class under § 1985(3)").  Yet dismissal is still warranted.  There is no indication in Count I as to precisely who is asserting the claim.  Rollin Michael Barber is a Plaintiff but does not fall within the same gender class as the other Plaintiffs.  Further, and more fundamentally, there are no allegations in the Complaint that the Defendants were motivated by a discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious. See Farber v. City of Patterson, 440 F.3d 131, 135 (3d Cir. 2006), *citing*, Aulson v. Blanchard, 83 F.3d 1, 4-5 (1st Cir. 1996).

Additionally, because Plaintiffs have failed to articulate a viable § 1985(3) claim, the § 1986 claim is subject to dismissal as well.  Section 1986 claims are entirely derivative in nature. See Magnum v. Archdiocese of Philadelphia, 235 Fed. Appx. 224, 231 (3d Cir. 2007) (noting that § 1986 claims are derivative of § 1985 claims).

Counts I and II therefore are dismissed.  Dismissal is, however, without

prejudice to file an Amended Complaint curing the deficiencies noted herein.[4]

III. Count IV - Malicious Prosecution

In Count IV, Plaintiffs Paula Lappe-Barber and Rachel Lappe-Biler assert claims under 42 U.S.C. § 1983 based upon malicious prosecution. While the PSPCA Defendants challenge the viability of these claims on many fronts, I agree with them that the claim is fatally flawed in at least one respect. As set forth in my previous Opinion and Order (Docket No. [28]), which is hereby incorporated by reference, to succeed on a malicious prosecution claim under § 1983, a plaintiff must demonstrate that she suffered a deprivation of liberty. See McKenna v. City of Philadelphia, 582 F.2d 447, 461 (3d Cir. 2009), citing, Estate of Smith v. Mascaro, 318 F.3d 497, 521 (3d Cir. 2003). Here, Plaintiffs have not alleged anything tantamount to a deprivation of liberty. See Crawford v. Miller, Civ. No. 5-214, 2005 WL 2030478 (M.D. Pa. Aug. 4, 2005), DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) and Bernard v. Washington County, 465 F. Supp.2d 461, 469 (W.D. Pa. 2006).

Consequently, the Defendants' Motion to Dismiss Count IV is granted. Again, however, the dismissal of Count IV is without prejudice to file an Amended Complaint curing the deficiencies noted above.

---

[4]Plaintiffs also allege that the claims asserted under Counts I and II sound equally under section 1983 and negligence. See Docket No. [27], p. 5. I decline to recast the claims as such. Should the Plaintiffs wish to, they are free to re-plead in their Amended Complaint.

IV. Count VIII - Fourth and Fifth Amendments[5]

Count VIII of the Plaintiffs' Complaint references a "violation of the Fourth Amendment right against unreasonable search and seizures and [the] Fifth Amendment right against seizure without just compensation." See Complaint, p. 33. Though not specifically articulated as such, I will treat the Plaintiffs' claims as having been brought under 42 U.S.C. § 1983 because they cannot assert claims directly under the United States Constitution. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); Taylor v. Naylor, Civ. No. 41826, 2006 WL 1134940 at * 3 n. 3 (M.D. Pa. April 26, 2006) and Warner v. Montgomery Twp., Civ. No. 1-3309, 2002 WL 1623774 at * 11 (E.D. Pa. July 22, 2004).

In Count VIII, the Plaintiffs complain that search warrants were issued without probable cause, that Pennsylvania's Animal Cruelty Act, 18 Pa. C.S.A. § 5511 fails to adequately provide due process with respect to the confiscation of property, and that the Act also violates the Fifth Amendment because it provides for taking without just compensation.

Focusing upon the "due process" allegations, the PSPCA Defendants urge that these allegations are more properly characterized as Fourteenth Amendment Due Process claims. I agree and the Plaintiffs do not object as such. The Defendants also urge that such claims cannot be successfully maintained where meaningful post-deprivation remedies for the loss exist. Again, I agree.

---

[5] The Defendants offer no argument with respect to the Fifth Amendment claims. Consequently, these claims will go forward.

Several courts have already determined that Pennsylvania has put into place adequate post-deprivation remedies. See Taylor v. Naylor, Civ. No. 41826, 2006 WL 113490 at * 4 (W.D. Pa. April 26, 2009); Edwards v. City of Easton, Civ. No. 8-1524, 2009 WL 2914417 at * 3 (E.D. Pa. Sept. 10, 2009) and Welsch v. Township of Upper Darby, Civ. No. 7-4578, 2008 WL 3919354 at * 5-6 (E.D. Pa. Aug. 26, 2008) (all citing Pennsylvania Rule of Criminal Procedure 588).[6]  Plaintiffs have not alleged that Pa. R. Crim. Pro. 588 was inadequate or unavailable in any way. Consequently, to the extent that the Plaintiffs intended to assert procedural due process claims, the claims are dismissed without prejudice.

With respect to the Fourth Amendment claims, the Defendants contend that the claims are barred by the decision set forth in Heck v. Humphrey, 512 U.S. 477 (1994) because any contention that the search and seizure of the Plaintiffs' property was improper would necessarily call into question the validity of the underlying criminal convictions relating to the animal cruelty charges. See Docket No. [26], p. 11.  In response, the Plaintiffs appear to concede that Rollin Michael Barber entered a guilty plea to the criminal charges and that his Fourth Amendment claim would be barred. See Docket No. [27], p. 8.  They do, however, reject the contention that Rachel Lappe-Biler's and Paula Lappe-Barber's claims

---

[6] Pa. R. Crim. Pro. 588 provides:
[a] person aggrieved by a search and seizure whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

are barred. At this juncture, I agree. The Defendants have not demonstrated that these claims are barred by Heck. There is no indication that these individuals entered guilty pleas or were otherwise convicted of any criminal charges. As such, Heck and its progeny would not be implicated. Consequently, the Motion to Dismiss is denied in this regard.[7]

---

[7] I make the same rulings with respect to the Defendants' contentions that Heck bars the Plaintiffs' claims under the 1st and 14th Amendments. While Rollin Michael Barber's claims would be dismissed, the remaining Plaintiffs' claims would not.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rollin Michael Barber, Paula Lappe-Barber, Rachel Lappe-Biler, Pauline Gladys Bryner-Lappe and Faithful But Forgotten Friends Animal Rescue and Placement Services, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>The Commonwealth of Pennsylvania Dept. Agriculture, Bureau of Dog Law Enforcement, Bradley D. Shields, Bruce Minick, Rebecca McDonald, Pennsylvania Society for the Prevention of Cruelty to Animals, Drew Delenick, Rickee Miller, Howard Nelson, Jesse L. Smith and John Does.<br><br>Defendants. | Civil Action No. 9-1462 |

AMBROSE,  District Judge


### ORDER OF COURT

After careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Motion to Dismiss (Docket No. [25]), is granted in part and denied in part, as follows.

The Motion is DENIED insofar as it sought the dismissal of the 42 U.S.C. § 1983 claims, the intentional infliction of emotional distress claims, and the assault and battery claims on the basis of sovereign immunity.

11

The Motion is GRANTED and the following claims are dismissed WITHOUT PREJUDICE: Counts I and II for violations of 42 U.S.C. § 1985 and § 1986; Count IV asserted under 42 U.S.C. § 1983 for violations of malicious prosecution; and Count VIII  asserted under 42 U.S.C. for violations of the Fourth with respect to Rollin Michael Barber and the Fourteenth Amendment with respect to all Plaintiffs. Dismissal is without prejudice to file an Amended Complaint curing the deficiencies noted herein, by no later than May 17th, 2010.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
U.S. District Judge